**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **REYNALDO RIVERA,** | |
|                       **Plaintiffs,** | 2006-CV-0073 |
|     v. | |
| **HOVENSA, L.L.C., and TURNER ST. CROIX MAINTENANCE, INC.,** | |
|                       **Defendant.** | |

TO:    Lee J. Rohn, Esq.
          C. Beth Moss, Esq.
          Leslie A. Kelley, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court upon the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant Turner St. Croix Maintenance, Inc.[,] to Provide a Complete Response to Interrogatory No. 1 [sic] (Docket No. 44).

At issue is Plaintiff's contention that said Defendant has not properly responded to his Interrogatory No. 2,[1] requesting said Defendant to describe its "version of how the incident in Plaintiff[']s Complaint occurred . . . ." Defendant asserts that it "has not seen

---

1. The title of the document refers to Interrogatory No. 1. However, the body of the document sets forth Interrogatory No. 2. The Court will assume that the parties understand which interrogatory is at issue and will apply the order accordingly.

*Rivera v. HOVENSA, LLC*
2006-CV-0073
Order Denying Plaintiff's Motion to Compel
Page 2

an incident report and has no knowledge that one even exists. Turner has no version of the incident because other than Plaintiff's Complaint it has no information that the alleged incident even occurred." Plaintiff maintains that he is entitled to a '"candid response . . . after a diligent inquiry . . . ."

Based upon the foregoing, the Court finds that said Defendant has responded to Plaintiff's discovery. Since said Defendant states in its original response that "[s]o far as Turner is concerned, the alleged incident never occurred," it follows that it cannot have a "version" of how the incident occurred. Consequently, the Court cannot compel said Defendant to respond more completely. Of course, said Defendant is obligated to supplement its discovery responses and, in the event said Defendant obtains information that was previously unknown, it must provide such supplementation.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Compel Defendant Turner St. Croix Maintenance, Inc.[,] to Provide a Complete Response to Interrogatory No. 1 [sic] (Docket No. 44) is **DENIED**.

ENTER:

Dated: February 22, 2008                         /s/
                                         GEORGE W. CANNON, JR.
                                         U.S. MAGISTRATE JUDGE